UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KONE INC., ) | |
| ) | |
| Plaintiff, ) | No. 4:25-cv-04138-SLD-RLH |
| ) | |
| vs. ) | |
| ) | |
| RIVERSIDE REGIONAL MEDICAL ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

**AGREED PROTECTIVE ORDER**

A party having moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the entry of such order to the extent that the dissemination of documents produced in discovery governed by the Federal Rules of Civil Procedure shall be limited as set forth infra. Good cause is established due to the fact that some discovery in the case is likely to involve information not otherwise publicly available absent this litigation, personal financial information, trade secrets, and other information treated as non-public, private information by a party or producing non-party. This Order is intended to protect the privacy interests of parties and non-parties, facilitate the quick and efficient production of discovery, and allow for the dissemination of confidential information for purposes of this litigation only when there is a demonstrated need.

**1. Scope**

**(a)** This Order applies to discovery produced by a party to another party pursuant to the Federal Rules of Civil Procedure of which the producing has a good faith basis to claim that the information or document is "Confidential" and designates as "Confidential." This Order also applies to the production of documents related to "Confidential" information and documents produced to a party by a non-party pursuant to a subpoena issued pursuant to Federal Rule of Civil Procedure 45.

**(b)** This Order does not apply to discovery produced by a party or non-party pursuant to a request made under a state or federal freedom of information law.

**(c)** This Order also applies to portions of transcripts of deposition testimony, where "Confidential" information or documents are discussed, provided that the producing party within thirty (30) days of receiving deposition transcript designates the portion(s) of the transcript which is claimed to be "Confidential". To the extent that no designation(s) of the transcript are made by the producing party, the transcript shall not be considered "Confidential".

**2. Limitation on Disclosure**

**(a)** Discovery within the scope of this Order as set forth in Section 1 shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b)** Discovery subject to this Order may be disclosed to the following persons in the course of this litigation:

   **(i) Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action.

**(ii) Parties.** Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

**(iii) Court.** This Court and any other court before which this litigation is or may be pending and those courts' personnel.

**(iv) Reporters.** Court reporters and recorders used in this litigation.

**(v) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents or other reproduction or presentation methods.

**(vi) Consultants & Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action.

**(vii) Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary.

**(viii) Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation).

**(ix) Others by Consent.** Other persons only by written consent of the producing party.

**(c)**   Prior to a person disclosing "Confidential" material subject to this Order to a person listed in Section 1(b)(ii), (v)–(vi), (viii)–(ix), the person making the disclosure must inform the person to whom the discovery is produced that disclosure to and by them is subject to this Order, and said person to whom the disclosure is made shall agree, in writing, to governed by the terms of this Order and treat materials stamped as "Confidential" in accord therewith.

**(d)** Prior to producing specific "Confidential" information and documents, a party may seek to further limit disclosure of "Confidential" information and documents by agreement of the parties or further order of the Court if not agreement can be reached between the parties. A party may, after conferral with opposing counsel, file a motion seeking additional limitations on disclosure, which shall set forth with specificity the discovery, or categories of discovery, for which additional protection is sought and why.

### 3. Filing of Discovery Subject to This Order and Use in Court Proceedings

**(a)** This Order does not authorize the filing of any document under seal. A party who wishes to file a document under seal must do so in accordance with Local Rule 5.10 and establish a legal basis for why such document may and should be sealed under applicable law.

**(b)** This Order does not prohibit or limit the use or disclosure of any discovery during the course of any public court proceedings in this litigation, including hearings and trial.

### 4. Relief from This Order

**(a)** A party may disclose "Confidential" information and documents subject to this Order by agreement of the parties or further order of the Court.

**(b)** A party seeking to disclose "Confidential" information and documents subject to this Order may, after conferral with opposing counsel, file a motion with the Court seeking relief from this Order. Such motion shall indicate with specificity the discovery, or categories of discovery, which the party seeks to disclose; to whom; and the reason for the requested disclosure, unless such information would reveal attorney-client communications or attorney work product.

**(c)** If the non-producing party challenges the designation of "Confidential" information and documents, the parties shall meet and confer in an attempt to resolve the challenge. If said challenge cannot be resolved, the producing party shall bring a motion within fourteen (14)

days of the lack of agreement to allow the Court to determine if the subject "Confidential" information and documents should be produced under this Order as "Confidential".

5. **Conferral.** Prior to filing any motion related to this Order, the parties must confer and so certify in any motion related to this Order. A motion which fails to include such certification shall be stricken. Conferral must include at least one telephone or in-person meeting between or among counsel, unless the issue is resolved by the parties through written conferral.

6. **Violation of This Order.** Any person subject to this Order who intentionally violates the limitations on the disclosure of discovery set forth herein shall be subject to this Court's contempt powers, in addition to any other sanctions allowed under the Federal Rules of Civil Procedure.

*So ordered.*

Entered this 18th day of February 2026.

_____
Ronald L. Hanna
United States Magistrate Judge